UNITED STATES DISTRICT COURT
NORTHERN DISTRICT TEXAS

---------------------------------------------------------------------------x

Anthony Bray,

              Plaintiff,                    C.A. No.: 2:23-cv-197

    -against-                        **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
American Honda Finance,

              Defendant(s).

---------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Anthony Bray ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant American Honda Finance ("Honda") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Texas, County of Randall.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Texas and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 211 E 7th St Ste 620 Austin, TX 78701-3218.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Texas and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E 7th St Ste 620 Austin, TX 78701-3218.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Texas and may be served with process upon the C T Corporation System, its registered agent for service of process at 1999 Bryan St Ste 900 Dallas, TX 75201-3140.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Honda is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process upon the Corporation Service Company, D/B/A CSC-Lawyers Incorporating service Company its registered agent for service of process at 211 E 7th St Ste 620 Austin, TX 78701-3218.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint relates to Plaintiff's American Honda Finance account with an account number of 45665**47 ("Account").

18. Plaintiff opened this Account on June 29, 2021 with his spouse at the time, now his ex-wife.

19. Plaintiff had auto payments set up to be deducted monthly from their joint checking account.

20. After Plaintiff and his wife divorced, his ex-wife assumed responsibility for the payments on the Honda vehicle.

21. On or around March 16, 2023, Plaintiff's ex-wife called Honda to provide them with her new banking information to be used for auto payments going forward.

22. Plaintiff did not continue to receive notices or calls from Honda related to the Account once his ex-wife took over responsibility for payments.

23. In July 2023, Plaintiff received a notification that there was a late payment notation being reported on his credit reports.

24. Plaintiff inquired and discovered that Honda was attempting to withdraw payment each month as of April 2023 from the previously-used joint account instead of the new account Plaintiff's ex-wife had provided to Honda in March 2023.

25. Since the previously-used joint bank account was no longer active, it did not have adequate funds to cover the auto payment.

26. Plaintiff contacted Honda and was advised by a representative that they did in fact have the correct banking information for Plaintiff's ex-wife on file. The representative was unable to explain why auto payments were not be deducted from the correct account, but instead, the auto payment system was attempting to withdraw the monthly payments from the prior account.

27. The Honda representative acknowledged and apologized for the error and assured Plaintiff they would use the correct bank account for auto payments going forward.

28. Plaintiff immediately made all the payments to bring the Account current and confirmed that the correct banking information would be used going forward for the auto payments.

29. Despite the fact that Honda admitted it was a mistake on their end for using the outdated account for autopayments, Honda marked Plaintiff late on his credit reports.

<u>Honda Dispute and Violation</u>

30. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

31. The inaccurate information furnished by Honda and published by the Bureaus is inaccurate since the Account lists a late payment notation.

32. Plaintiff was not late for the Account.

33. Plaintiff did not owe Honda any money as his ex-wife was responsible for payments.

34. Plaintiff can not be called "late" for payment he was never supposed to make in the first place and the delay of which was entirely beyond his control.

35. It is materially misleading to mark Plaintiff as late on the Account.

36. By marking Plaintiff as late on his credit reports, Defendants give the false impression to potential lenders that Plaintiff missed a monthly payment on his car payments.

37. The Bureau's all list a 30-day late payment notation for June 2023 and 60-day late payment notation for July 2023 for the Account.

38. In fact, Plaintiff was never late.

39. The Plaintiff was not even responsible for the payments during this time.

40. Plaintiff disputed the Account with the Bureaus on or about July 25, 2023.

41. In his dispute, he explained the context that surrounded the late payment notations and why it should be removed from his credit reports.

42. According to United States Postal Service ("USPS"), the letter was delivered to Transunion on July 31, 2023.

43. Plaintiff did not receive a response from Transunion, in violation of the law.

44. According to USPS, the letter was delivered to Equifax on August 4, 2023.

45. Plaintiff did not receive a response from Equifax, in violation of the law.

46. According to USPS, the letter was delivered to Experian on July 31, 2023.

47. On August 31, 2023, Plaintiff received a form response from Experian stating, "This item remained unchanged from our processing of your dispute in May 2023."

48. As Plaintiff disputed on July 25, 2023, Experian's response stating "no change from the processing of your dispute in May 2023", demonstrates a poor review of Plaintiff's dispute, if any review took place at all.

49. Experian failed to carefully read or process Plaintiff's dispute, as the late payment notations in question are for June 2023 and July 2023, so it nonsensical that Plaintiff would have disputed before the subject late payment notations existed in May 2023.

50. Upon information and belief, the Bureaus sent Honda notice of Plaintiff's dispute.

51. Upon receipt of Plaintiff's Account dispute letters from the Bureaus, Honda failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

52. Had Honda performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Honda that any delayed payment from Plaintiff was the result of Honda's own poor handling of Plaintiff's Account and not the fault of Plaintiff.

53. Despite Plaintiff's disputes that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

54. Had the Bureaus performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the late payment notations were improperly listed.

55. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

56. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

57. Upon receipt of the disputes of the account, Honda failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

58. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

59. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

60. Plaintiff applied for a mortgage from Top Mortgage, LLC and received a denial letter on September 12, 2023.

61. Plaintiff was expressly told the reason for his denial: "recent late payments (within 12 months) all credit Bureaus reporting".

62. The inaccurate late payment notations listed on the Account were a substantial factor contributing to Plaintiff's inability to qualify for a new mortgage.

63. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

64. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

66. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

67. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

69. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

70. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Anthony Bray, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to the Bureaus)**

71. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

73. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

74. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

   h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

75. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

76. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

77. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Anthony Bray, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to American Honda Finance)

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

80. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

81. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

82. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

83. Honda violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

84. As a result of the conduct, action and inaction of Honda, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

85. The conduct, action and inaction of Honda was willful, rendering Honda liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Anthony Bray, an individual demands judgement in his favor against Honda in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to American Honda Finance)**

87. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

89. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

90. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

91. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

92. Honda is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

93. After receiving the Dispute Notice from the Bureaus, Honda negligently failed to conduct its reinvestigation in good faith.

94. A reasonable investigation would require a furnisher such as Honda to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

95. The conduct, action and inaction of Honda was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

96. As a result of the conduct, action and inaction of Honda, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

97. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Anthony Bray, an individual, demands judgement in his favor against Honda for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

98. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  December 5, 2023                                             Respectfully Submitted,

/s/ *Tamir Saland*
**Stein Saks, PLLC**
By:  Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500

Fax: (201)-282-6501  
tsaland@steinsakslegal.com  
*PRO HAC VICE PENDING*