IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTHONY BRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-CV-197-Z-BR |
| | § | |
| AMERICAN HONDA FINANCE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDERS**

On November 15, 2024, the undersigned issued an Order for Plaintiff's lead attorney to gain admission to practice before this Court or to withdraw and substitute admitted counsel. (ECF 97). That Order warned that failure to comply with its requirements would lead the undersigned to issue Findings, Conclusions, and Recommendation (an "FCR") that this case be dismissed. (*Id.* at 2). The deadline set by that Order passed more than three months ago, and Plaintiff's counsel has not addressed any of the issues raised by the Court. Accordingly, and for the following reasons, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that this case be DISMISSED without prejudice[1] for repeated failure to comply with Orders of the Court.

### I.  LEGAL STANDARD

The Federal Rules of Civil Procedure allow a court to order the involuntary dismissal of a plaintiff's action "if the plaintiff fails to prosecute or to comply with…a court order." Fed. R. Civ.

---

[1] Though this FCR recommends dismissing Plaintiff's claims without prejudice, the applicable statute of limitations may prevent Plaintiff from reasserting his claims. *See infra*, n. 2.

P. 41(b). That rule explicitly provides for dismissal in response to a motion,[2] but has been interpreted as also allowing dismissal on a court's discretionary initiative. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal…on the court's own motion."). Dismissal, especially with prejudice,[3] is an extreme measure that must be strictly justified. *Campbell*, 988 F.3d at 801.

The Fifth Circuit Court of Appeals has established a framework to determine when dismissal with prejudice is justified. First, there must be a clear record of either egregious delay or contumacious conduct. *Id*. at 802 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Second, the court must expressly determine that lesser measures "would not prompt diligent prosecution," or else must have attempted lesser measures without success. *Campbell*, 988 F.3d at 802. Even when both requirements are satisfied, the Fifth Circuit generally requires the presence of one or more aggravating factors in the case; the standard examples are "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

## II. PROCEDURAL HISTORY

When Plaintiff initiated this case on December 5, 2023 through his lead attorney, Mr. Tamir Saland of the firm Stein Saks, PLLC, Mr. Saland was not admitted to practice in the Northern District of Texas. (*See* ECF 1 at 15-16). Mr. Saland's application for admission *pro hac vice*

---

[2] The undersigned notes that Defendant has also moved the Court to dismiss this case pursuant to Rule 41(b); that dispositive motion has not been referred to the undersigned, and nothing in this FCR should be construed as a recommendation as to that motion. *See* 28 U.S.C. § 636(b)(1)(A)-(B) *and* Fed. R. Civ. P. 72(b)(1).

[3] Plaintiff has asserted claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (ECF 1 at 8-14). The corresponding statute of limitations requires such claims to be brought within two years of the plaintiff's discovery of the underlying violation. 15 U.S.C. § 1681p. In this case, Plaintiff alleges that he discovered the underlying violation in July 2023. (ECF 1 at 4). It may be difficult for the Plaintiff to file a new suit reasserting his claims before July 2025 if this suit is dismissed according to this FCR. Accordingly, though the undersigned recommends dismissing Plaintiff's claims without prejudice, the current analysis references the higher standard out of an abundance of caution.

("PHV"), filed the same day as Plaintiff's Complaint, listed as "local counsel" an attorney residing in Dallas, Texas. (ECF 3). The Court issued an Order the following day clarifying for Mr. Saland that local Civil Rule 83.10 required him to retain as local counsel an attorney residing within 50 miles of the courthouse in Amarillo, Texas, and deferring ruling on the application for fourteen days to allow Mr. Saland time to retain local counsel. (ECF 6); *see* N.D. Tex. Civ. R. 83.10(a).

On December 28, 2023, the undersigned entered Standing Orders, including an Order to Obtain Local Counsel. (ECF 15 at 1-2). That Order explained the local counsel requirement imposed by local Civil Rule 83.10 and ordered any party needing local counsel to file an entry of appearance of local counsel within 21 days. (*Id.*). On January 19, 2024, the twenty-second day after Standing Orders were issued, the undersigned issued an Order to Obtain Local Counsel and set a deadline of February 20, 2024 for Plaintiff to comply. (ECF 18). That Order included a warning; "Plaintiff's failure to comply with Local Rule 83.10 may result in a recommendation by the undersigned to the District Judge for dismissal without prejudice of this case without further notice." (*Id.* at 2).

On the February 20 deadline, Plaintiff filed a motion asking for a one-week extension. (ECF 32). The next day, out of an abundance of caution, the undersigned extended the local counsel deadline to March 11, 2024. (ECF 33). On March 12, 2024, the undersigned issued a Second Order for Plaintiff to Obtain Local Counsel, again extending the deadline to March 19, 2024 and again reminding Plaintiff that "a plaintiff's failure to comply with Local Rule 83.10 may result in a recommendation by the undersigned to the District Judge for dismissal[.]" (ECF 38).

On March 21, 2024, after another motion for extension (ECF 40), the undersigned issued a Final Order Granting Plaintiff's Motion for Extension of Time to Obtain Local Counsel, (ECF 42). That Order noted that Plaintiff's attorney, Mr. Saland, was still not admitted to practice in the

Northern District of Texas and had repeatedly failed to comply with Orders of the Court, but granted a one-week extension of the local counsel deadline, to March 28, 2024. (*Id.* at 1-2). Plaintiff finally filed a notice of attorney appearance satisfying the local counsel requirement on March 27, 2024, (ECF 43), and an amended PHV application for Mr. Saland on March 28, (ECF 45), which was granted, (ECF 49).

On May 23, 2024, a Rule 16 Scheduling Conference was held before the undersigned. (ECF 62). The parties were first notified of that conference, and of the requirement that the lead attorneys for each party attend in-person, by an Order that issued January 3, 2024. (ECF 16). The conference had been continued multiple times. First, the parties requested leave to attend remotely, which the undersigned denied, noting again the requirement for lead counsel to appear in-person and noting that no party was represented by lead counsel based in Amarillo, Texas. (ECF 30). The undersigned continued the conference again after a motion for judgment on the pleadings was filed, and for a third time noted the requirement that lead counsel appear in-person. (ECF 37). Finally, the conference was continued on a motion agreed between the parties because lead counsel for Defendant[4] was unavailable to appear in-person. (ECF 54). When the Rule 16 Scheduling Conference was finally held, Plaintiff's lead attorney at the time, Mr. Saland, did not appear. (*See* ECF 72). In response to an Order to Show Cause, (ECF 72), Mr. Saland explained that he was somehow unaware of the requirement he, as lead counsel, attend in-person, and that he believed attendance by local counsel was sufficient. (ECF 75).

On June 17, 2024, Plaintiff filed a motion to withdraw Mr. Saland and substitute another attorney, Mr. Muhammad Siddiqui of the same firm, Stein Saks, PLLC, as well as a PHV

---

[4] At the time there were three other defendants in this case; references to "Defendant" in this FCR refer specifically to Defendant American Honda Finance, the only remaining defendant.

application for Mr. Siddiqui. (ECF 78, 79). The following day, Plaintiff's local counsel filed a Motion to Withdraw, noting that Plaintiff's motion to withdraw Mr. Saland and substitute Mr. Siddiqui were opposed by the Defendants in connection with an ongoing lawsuit in another jurisdiction including allegations of attorney wrongdoing by Plaintiff's lead counsel's law firm. (ECF 80). One of the defendants then active in this case, Trans Union LLC, subsequently filed a response to Plaintiff's motion to withdraw Mr. Saland and explained that another defendant then active in this case, Experian Information Solutions, Inc., had filed suit against Stein Saks, PLLC, Mr. Saland, and others in the Central District of California. (ECF 83).

On July l8, 2024, the Court granted leave for Mr. Saland and Plaintiff's local counsel to withdraw. (ECF 85). In that Order, the undersigned noted that the then-pending motion for judgment on the pleadings had the potential to put an end to the lawsuit, and so ordered Plaintiff to obtain local counsel by the deadline established by the District Judge in connection with Mr. Siddiqui's PHV application, or within 14 days after the District Judge ruled on the motion for judgment on the pleadings, whichever was earlier. (*Id.*).

The District Judge ruled on the motion for judgment on the pleadings on September 11, 2024 and dismissed all of the Defendants in this case except Defendant American Honda Finance. (ECF 89). On September 27, 2024, noting that Mr. Siddiqui, now Plaintiff's only attorney, was unadmitted and still lacked local counsel, the undersigned again ordered Plaintiff to obtain local counsel by October 11, 2024. (ECF 90). On October 11, Mr. Siddiqui moved the Court to extend the local counsel deadline until after a renewed motion by Defendant for judgment on the pleadings was resolved. (ECF 95). On November 15, 2024, the undersigned issued an Order Denying as Moot Plaintiff's Motion for Extension of Time to Obtain Local Counsel. (ECF 97). On December 5, 2024, the presiding United States District Judge denied Mr. Siddiqui's PHV application for lack

of local counsel. (ECF 98). Since late last year, there is no indication that Mr. Siddiqui has attempted to gain admission to the Bar of the Northern District of Texas, he has not moved to withdraw and substitute admitted counsel, and there has been no entry of local counsel appearance for Plaintiff.

### III. ANALYSIS

The Court first informed Plaintiff, his attorneys, and the firm of Stein Saks, PLLC of the Northern District of Texas local counsel requirement the day after this case was filed—December 6, 2023. (ECF 6). In the year and a half since that date, Plaintiff has only been represented by lead counsel admitted to appear before the Court for a total of fifteen weeks and one day. (*See* ECF 49, 85). Outside of that window, Plaintiff's attorneys have repeatedly and willfully disregarded the Orders of the Court, resulting in a severe waste of judicial time and resources. In fact, Plaintiff's attorneys have only complied with one (1) Order issued by the undersigned regarding admission and local counsel—the March 21, 2024 Final Order Granting Plaintiff's Motion for Extension of Time to Obtain Local Counsel. (ECF 42). In some instances, Plaintiff's counsel has asked for extensions of deadlines (ECF 32 (motion to extend deadline set by ECF 18), 40 (motion to extend deadline from ECF 38), *and* 95 (motion to extend deadline from ECF 90)), but most of the local counsel[5] Orders of the Court have simply been ignored (ECF 6, 15, 33, 85, *and* 97 (Orders to Obtain Local Counsel to which Plaintiff did not respond)).

The Court has repeatedly warned that Plaintiff's case could be dismissed if Plaintiff's lead attorneys did not comply with local counsel requirements. (ECF 15 at 2, 18 at 2, 38 at 2, 42 at 2, 90 at 2, *and* 97 at 2). To make matters worse, because Plaintiff's attorneys have neither complied

---

[5] The undersigned does not list here the Orders that were violated by Plaintiff's counsel's failure to appear at the May 23, 2024 Rule 16 Scheduling Conference, (ECF 62).

with local counsel requirements, which is a prerequisite to PHV admission,[6] nor obtained general admission to practice in the Northern District of Texas, Plaintiff has not been represented by legally competent counsel for almost the entire life of this case.

The record of egregious, intentional delay in this case is clear. The Court has gone to extraordinary lengths to prevent the noncompliance of Plaintiff's attorneys from negatively impacting Plaintiff's rights. As a result, this case has now aged to a point that could jeopardize Plaintiff's opportunity to reassert his claims through a new lawsuit brought by different attorneys. In other words, though these delays may or may not have prejudiced any Defendant, they do risk causing real prejudice to the Plaintiff. A less offensive result of Plaintiff's lead attorney's conduct, though still one worth mentioning, is the extreme waste of judicial resources in the Court's efforts to prompt diligent prosecution of this matter and compliance with Court Orders. For these reasons, dismissal of Plaintiff's case without prejudice is justified. *See Campbell*, 988 F.3d at 801.

## IV.    RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that Plaintiff's claims in this case be DISMISSED without prejudice for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

ENTERED April 25, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff's attorneys were notified of the connection between local counsel and PHV applications the day after this lawsuit was filed. (ECF 6).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

## NOTICE OF RIGHT TO OBJECT

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).