IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ANTHONY BRAY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　2:23-CV-197-Z-BR

AMERICAN HONDA FINANCE,

    Defendant.

**ORDER**

Before the Court is the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") to dismiss Plaintiff's claims without prejudice for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 108. As no objections to the FCR were filed, the Court has reviewed the FCR for plain error. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013) (noting that plain error review is applicable where a party does not object to a magistrate's findings of fact, conclusions of law, or recommendation to the district court, so long as the relevant party informed of the consequences of failing to object.)

The issue of Plaintiff failing to obtain local counsel has been ongoing from the inception of the case. Plaintiff's original lead attorney, Mr. Tamir Saland, was not admitted to practice in the Northern District of Texas; thus, when he filed his Application for Admission *Pro Hac Vice* ("PHV"), the Court deferred the Application for fourteen days to provide Mr. Saland time to retain as local counsel an attorney residing within fifty miles of the courthouse in Amarillo, Texas. ECF Nos. 3, 6. No local counsel was retained. The Magistrate then entered a Standing Order containing bolded text ordering any party requiring local counsel to obtain said counsel within twenty-one days. ECF No. 15 at 1–2. No local counsel was retained by this deadline. The Magistrate then entered a specific Order to

Obtain Local Counsel by February 20, 2024 (ECF No. 18), and later extended that deadline—upon Plaintiff's request—until March 11, 2024. ECF Nos. 32, 33. No local counsel was retained. The Magistrate issued a Second Order for Plaintiff to Obtain Local Counsel with a deadline of March 10, 2024. ECF No. 38. On March 27, 2024, after yet another deadline extension (ECF No. 42), Mr. Saland complied. ECF Nos. 45, 49.

After Mr. Saland failed to appear at the Rule 16 Scheduling Conference, Plaintiff sought to replace Mr. Saland with Mr. Muhammad Siddiqui as lead counsel. ECF No. 78. The Magistrate granted leave for Mr. Saland and Plaintiff's local counsel to withdraw. ECF No. 85. After this Court's Order on Defendants' Motion for Judgment on the Pleadings dismissed all Defendants but American Honda Finance (ECF No. 89), Mr. Siddiqui remained unadmitted and without local counsel. For a third time, the Magistrate ordered Plaintiff to obtain local counsel by October 11, 2024. ECF No. 90. He did not. Accordingly, this Court denied Mr. Siddiqui's PHV application for lack of local counsel on December 5, 2024. ECF No. 98. Since that point, there has been "no indication that Mr. Siddiqui has attempted to gain admission to the Bar of the Northern District of Texas, he has not moved to withdraw and substitute admitted counsel, and there has been no entry of local counsel appearance for Plaintiff." ECF No. 108 at 6.

After considering the Magistrate Judge's FCR, the relevant law, and the rather tortured history regarding local counsel, the Court finds no error—plain or otherwise—and **ADOPTS** the Magistrate's FCR (ECF No. 108). Accordingly, Plaintiff's claims are **DISMISSED without prejudice**.

**SO ORDERED.**

May 12, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE